## ENCHERMAN v. CANADA S. S. LINES, Limited.

District Court, S. D. New York.
June 20, 1944.

Feltenstein & Rosenstein, of New York City (Sidney J. Feltenstein, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Vernon S. Jones and Charles N. Fiddler, both of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

These are cross-motions. The defendant's motion is for a dismissal of the complaint. The plaintiff's motion is for a remand to the Supreme Court of the State of New York. The action is here on removal from the latter court, at the defendant's behest, on the grounds of diversity of citizenship.

From the complaint, it appears that the requisite diversity is present, the plaintiff being a New Jersey administrator and the defendant a corporation incorporated under the laws of Canada.

The cause of action arose under the laws of the Dominion of Canada, Province of Quebec, by virtue of the fact that the plaintiff's intestate sustained injuries which caused her subsequent death, while a passenger on the defendant's steamship S. S. Richelieu when it collided with the S. S. Tadoussac, at a point in the St. Lawrence River in Canadian waters.

The defendant's motion is based on the assumption that the New York State courts, in the absence of special circumstances, refuse to exercise jurisdiction over a transitory tort action, where the parties are nonresidents and the cause of action arose in another jurisdiction.

Whether or not the New York State courts would exercise their discretion to divest themselves of the already attached jurisdiction, is a question addressed to the sound discretion of the particular court.

In my opinion, the facts in this case indicate circumstances which would warrant the retention of jurisdiction over the subject matter.

Since there is no inherent defect in the subject matter and the requisite diversity and jurisdictional amount are both present, the question of the jurisdiction of this court must be determined with regard to the rules in the federal courts. The cause having been removed to this court at the behest of the defendant, is properly before this court.

The motion to remand and the motion to dismiss the complaint are both denied.

Settle order.